UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR A. BEESON, | No. 2:23-cv-1621 CKD P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| WARDEN, F.C.I. HERLONG, | |
| Defendant. | |

Plaintiff is a federal prisoner proceeding pro se with a civil action. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

In his complaint, plaintiff seeks injunctive relief as follows:

1. "Food, Book, Electronic, Hygiene & OTC Medications be made purchasable on commissary to inmate's assigned to the Special Housing Units;"

2. "Administrative Remedy forms be both stocked & readily available for inmates in the Special Housing Unit;" and

3. "Staff responses to administrative remedies & no further harassment for exercising the right to utilize a grievance system."

After reviewing plaintiff's complaint, the court finds that plaintiff's complaint fails to state a claim for injunctive relief.  Therefore, the complaint must be dismissed.  However, plaintiff will be granted leave to amend.  If plaintiff chooses to amend, he should consider the following:

In order to adequately allege a claim for harmful conditions of confinement under the Eighth Amendment, plaintiff must point to facts indicating a prison official's deliberate indifference is subjecting him to a substantial risk of serious harm.  Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994).  Plaintiff does not allege facts suggesting his housing conditions violate the Eighth Amendment.  While prisoners have a right to personal hygiene items such as toothpaste and soap, Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir.1996), they do not have a right to purchase their own.  Plaintiff does not indicate that at the present time he is being denied any personal hygiene items; rather, he alleges that at times he is not allowed to buy his own.

As for requests 2 and 3, plaintiff does not have a Constitutional right to an inmate grievance process.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).  Also, plaintiff fails to point to anything in his complaint suggesting the access he is given to grievance forms or the manner in which the grievances are answered violates federal law.  It is a violation of the First Amendment to retaliate against an inmate for filing a prisoner grievance, but plaintiff's

allegations concerning past retaliation are vague and do not support an award of prospective relief.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

Finally, plaintiff has filed a motion asking that the court excuse the requirement that he exhaust administrative remedies with respect to his claims prior to filing suit. Considering plaintiff's complaint does not state a claim upon which relief can be granted, the motion is moot. However, plaintiff is advised that under 42 U.S.C. § 1997e(a) "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." If it is clear in his amended complaint that he has not exhausted administrative remedies available to him, his amended complaint could be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to F.C.I. Herlong filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an

/////
/////
/////
/////
/////

amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

    5. Plaintiff's "motion for leave to proceed with civil suit" (ECF No. 1) is denied.

Dated: September 1, 2023

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/bees1621.14