UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR A. BEESON,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN, F.C.I. HERLONG,<br><br>Defendant. | No. 2:23-cv-1621 CKD P<br><br><br><br>ORDER |

  Plaintiff is a federal prisoner proceeding pro se with a civil action against employees of the Federal Bureau of Prisons. On September 1, 2023, plaintiff's complaint was dismissed with leave to amend. Plaintiff has now filed an amended complaint.

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

  Having conducted the required screening the court finds that plaintiff may proceed on a claim for use of excessive force in violation of the Eighth Amendment and a claim for retaliation for protected conduct arising under the First Amendment against defendant Lt. Birtwell.

  At this point, plaintiff has two options: he can proceed immediately on the claims identified above or he can file a second amended complaint in an attempt to cure the deficiencies with respect to the other defendants identified in his amended complaint.

  If plaintiff chooses to proceed immediately on the claims identified above, the court will

1

construe this as a request to voluntarily dismiss any other claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

In plaintiff's amended complaint, he makes no allegations against the people he identifies as defendants aside from defendant Birtwell.  If plaintiff chooses to file a second amended complaint plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

In accordance with the above, IT IS HEREY ORDERED that:

1. Plaintiff has the option to proceed immediately on the claims described herein. Alternatively, plaintiff may choose to file a second amended complaint.

2. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a second amended complaint.

3. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claims identified above.

Dated:  May 20, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
bees1621.option

2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR A. BEESON,<br><br>            Plaintiff,<br><br>     v.<br><br>WARDEN, F.C.I. HERLONG, et al.,<br><br>            Defendants. | No.  2:23-cv-1621 CKD P<br><br>NOTICE OF ELECTION |

**Check only one option:**

\_\_\_\_\_   1.  Plaintiff wishes to proceed on the following claims:

         Claim 1, use of excessive force in violation of the Eighth Amendment against defendant Lt. Birtwell; and

          Claim 2, a violation of the First Amendment in retaliation for protected conduct against Lt. Birtwell.

**OR**

\_\_\_\_\_   2.  Plaintiff wants time to file a first amended complaint.


DATED: _____                                                              _____
                                                                                                              Plaintiff

3